Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| CHARMING BEATS LLC, | Case No.: 23-cv-3601 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| SDT NORTH AMERICA INC., | |
| Defendant. | |

------------------------------------------------------------------x

``    Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant SDT NORTH AMERICA INC, for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

2. Defendant is headquartered in Canada.

3. Defendant, without license or authority, reproduced, distributed, publicly displayed and/or synchronized plaintiff's copyrighted recording and composition *"The Slow Wait (Part One)"* (the "Copyrighted Track").

4. Defendant's infringing acts are torts committed out of state.

5. Defendant generates significantly all of its income from interstate and/or international commerce.

6. Defendant employs individuals in New York State to service its products sold in New York. See, e.g., https://www.linkedin.com/in/connor-metcalfe-524054275.

7. Defendant markets, sells products and parts, and offers maintenance to its products throughout New York State and New York City.

8. Defendant's website identifies one of its products as follows: "The asset is a New York Blower with a 250hp motor that rotates 1780 rpm. The fan rotates at 1168 rpm 24/7, all day, every day. The fan shaft is mounted with two SKF 22232 bearings, they're lubricated with oil." See https://sdtultrasound.com/2023/04/27/greenfield-ethanol-failure-cause-analysis/.

9. Defendant states in numerous places on its website that its products are directed to New York and Philadelphia.

10. Plaintiff was specifically damaged in this Judicial District as described below.

11. This Court has jurisdiction over both defendants pursuant to CPLR 302(a)(3)(i) and (ii).

**VENUE**

12. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

13.     There are no due process concerns in light of the fact that defendant committed intentional torts that they knew would have an effect in this Judicial District.

## PARTIES

14.     Plaintiff CHARMING BEATS LLC is a limited liability company existing and organized under the laws of the State of Florida with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

15.     Upon information and belief, defendant SDT NORTH AMERICA INC. ("SDT") is a corporation formed under the laws of the Canada and maintains its principal place of business at 1532 Ontario St, Cobourg, ON K9A 4J7, Canada.

## FACTS

16.     Plaintiff is the sole owner by assignment of an original musical composition and recording titled *"The Slow Wait (Part One)"* – U.S. Copyright Registration No. SR 713-279 (the "Copyrighted Track"). See **Exhibit 1.**

17.     The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

18.     Defendant created an advertisement titled "SDT Technology at Anglo American in South Africa" (the "Infringing Advertisement").

19.     Defendant, without license or authority, reproduced and synchronized the Copyrighted Track to the infringing Advertisement.

20.     Defendant, without license or authority, distributed the Infringing Advertisement to YouTube where it was publicly displayed on defendant's YouTube page located at <www.youtube.com/watch?v=UMSRzj2V2Ws>.

3

21. At no time did defendant have a license to reproduce, synchronize, distribute, or publicly display the Copyrighted Track.

22. Defendant was informed of the fact that there was no license by YouTube.

23. Defendant elected to ignore the YouTube notice, and continued to infringe.

24. On September 16, 2021, plaintiff informed defendant that there was no license for the infringing Advertisement. See **Exhibit 2**.

25. Again, defendant elected to ignore the notice, and continued to infringe.

26. On November 25, 2022, plaintiff, through counsel, served a cease-and-desist on defendant. See **Exhibit 3**.

27. Again, defendant elected to ignore the cease=and-desist, and continued to infringe.

28. On April 28, 2023, plaintiff, through counsel, served a final cease-and-desist on defendant. See **Exhibit 4**.

29. Defendant acknowledged receiving the cease-and-desist notices from plaintiff and plaintiff's counsel, and admitted it chose to continue to infringe. See **Exhibit 5**.

30. At no time did defendant have the right to use the Copyrighted Track in any manner.

31. Defendant infringed plaintiff's rights to the Copyrighted Track as set forth in 17 U.S.C. § 106.

32. As a direct and proximate result of defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of its compensatory damages, plus costs, interest, and reasonable attorneys' fees associated with this matter. Plaintiff may also elect to recover

statutory damages pursuant to 17 U.S.C. § 504(c)(2) of up to $150,000, plus costs, interest, and reasonable attorneys' fees.

33. Defendant's callous disregard for its legal obligations under the Copyright Act, and refusal to comply with multiple cease-and-desist demands requires a statutory award at the very top of the statutory scale.

## DMCA VIOLATIONS

34. Defendant removed and/or failed to include the copyright management information ("CMI") associated with the Copyrighted Track. Specifically, the Infringing Advertisement omits the Copyrighted Track' title, album name, author, label, and copyright owner.

35. Defendant removed the CMI with the intent to conceal its infringing conduct.

36. Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.

37. Defendant refused to include the CMI despite numerous notices. This is a separate violation of 17 U.S.C. § 1202.

38. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

39. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

40. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

41. Defendant, without authority from plaintiff, reproduced, distributed, publicly displayed, publicly performed, and/or synchronized plaintiff's Copyrighted Track, in its entirety, to the Infringing Advertisement.

42. Defendant created and displayed the Infringing Advertisement for the sole purpose of advertising its equipment with the intent to generate additional income.

43. Defendant refused to cease-and-desist after numerous demands.

44. Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

45. Defendant's use was not transformative.

46. Defendant elected to reproduce, synchronize, publicly display, and/or distribute plaintiff's Copyrighted Track, using a substantial portion of the Track, without a license.

47. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award defendants' profit in excess of plaintiff's compensatory damages, compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000 plus costs, interest, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

48. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

49. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including the title, author, label, and copyright owner.

50. Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

51. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the infringing use at issue here.

52. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

53. Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Track. This high-resolution version cannot be obtained without copyright management information being included.

54. Defendant removed plaintiff's CMI, and then copied, synchronized, publicly displayed, and distributed the Copyrighted Track.

55. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track after multiple notices.

56. Defendant did the forgoing with the intent to conceal the infringement.

57. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

58. Defendant violated the DMCA by failing to correct the CMI after multiple notices.

59. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000 plus its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendants, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 15, 2023  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)

8